IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| MAUREE WHITE, | ) |
| Plaintiff, | ) ) ) |
| v. | ) ) Case No.: 13-cv-2509 JWL/GLR |
| DIVERSIFIED CONSULTANTS, INC., | ) ) ) |
| Defendant. | ) |

## COMPLAINT

NOW COMES the Plaintiff, MAUREE WHITE, by and through her attorneys, SMITHMARCO, P.C., and for her Complaint against the Defendant, DIVERSIFIED CONSULTANTS, INC., the Plaintiff states as follows:

### I. PRELIMINARY STATEMENT

1. This is an action for actual and statutory damages for violations of the Fair Debt Collection Practices Act (hereinafter "FDCPA"), 15 U.S.C. §1692, et seq.

### II. JURISDICTION & VENUE

2. Jurisdiction arises under the FDCPA, 15 U.S.C. §1692 et seq., and pursuant to 28 U.S.C. §1331 and 28 U.S.C. §1337.

3. Venue is proper in this district pursuant to 28 U.S.C. §1391(b).

### III. PARTIES

4. MAUREE WHITE, (hereinafter, "Plaintiff") is an individual who was at all relevant times residing in the City of Kansas City, County of Wyandotte, State of Kansas.

5. The debt that Plaintiff was allegedly obligated to pay was a debt allegedly owed by Plaintiff to T-Mobile USA, Inc., (hereinafter, "the Debt").

6. The debt that Plaintiff allegedly owed T-Mobile USA, Inc., was for a cellular telephone bill.

7. At all relevant times, Plaintiff was a "consumer" as that term is defined by 15 U.S.C. §1692a(3).

8. DIVERSIFIED CONSULTANTS, INC., (hereinafter, "Defendant") is a business entity engaged in the collection of debt within the State of Kansas.  Defendant is incorporated in the State of Florida.

9. The principal purpose of Defendant's business is the collection of debts allegedly owed to third parties.

10. Defendant regularly collects, or attempts to collect, debts allegedly owed to third parties.

11. During the course of its efforts to collect debts allegedly owed to third parties, Defendant sends to alleged debtors bills, statements, and/or other correspondence via the mail and/or electronic mail and initiates contact with alleged debtors via various means of telecommunication, such as the telephone and facsimile.

12. At all relevant times, Defendant acted as a debt collector as that term is defined by 15 U.S.C. §1692a(6).

13. At all relevant times, Defendant acted through its duly authorized agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers.

## IV. ALLEGATIONS

14. On or about August 29, 2013, Plaintiff and Defendant engaged in a telephone conversation, wherein Defendant attempted to collect a debt allegedly owed by Plaintiff to T-Mobile USA, Inc.

15. During the course of the aforementioned telephone call between Plaintiff and Defendant, Defendant informed Plaintiff that she owed $1,032.13 relative to the Debt.

16. During the course of the aforementioned telephone call between Plaintiff and Defendant, Plaintiff told Defendant that she never received a bill relative to the Debt and requested validation of the Debt from Defendant.

17. In response, Defendant told Plaintiff it would provide her with validation of the Debt, but that it would also be forced mark Plaintiff's account as a "refusal to pay".

18. Defendant further told Plaintiff that the Debt will be reported on Plaintiff's credit report within the next three (3) days.

19. Defendant's aforesaid statement to Plaintiff that it would mark her account as a "refusal to pay" due to her request for validation of the Debt had the effect of conveying to an unsophisticated consumer that Plaintiff's decision to request validation for the Debt would detrimentally affect her credit worthiness.

20. At no time during the course of the aforesaid telephone conversation did Plaintiff inform Defendant that she refused to pay the Debt.

21. Defendant's representation to Plaintiff that that the Debt will be reported on Plaintiff's credit report within the next three (3) days was false, deceptive and misleading given that the Debt is currently not listed on Plaintiff's credit report.

22.     Defendant's representation to Plaintiff that it would mark her account as a "refusal to pay" also had the effect of conveying to an unsophisticated consumer that Defendant would refer the debt on which it was attempting to collect to T-Mobile USA, Inc., and that T-Mobile USA, Inc., would take additional collection actions against Plaintiff, such as filing a lawsuit against Plaintiff.

23.     Defendant's aforesaid representation to Plaintiff had the effect of conveying to an unsophisticated consumer that T-Mobile USA, Inc., would proceed with initiating a lawsuit against Plaintiff relative to the Debt.

24.     To date, T-Mobile USA, Inc., has not filed a lawsuit against Plaintiff for the Debt.

25.     The natural consequence of Defendant's statement to Plaintiff, as delineated above, was to unjustly condemn and vilify Plaintiff for her non-payment of the Debt.

26.     The natural consequence of Defendant's statement was to produce an unpleasant and/or hostile situation between Defendant and Plaintiff.

27.     The natural consequence of Defendant's statement was to cause Plaintiff mental distress.

28.     To date, the Debt is not listed on Plaintiff's credit report.

29.     In its attempts to collect the debt allegedly owed by Plaintiff to T-Mobile USA, Inc., Defendant violated the FDCPA, 15 U.S.C. §1692, in one or more of the following ways:

   a. Used false, deceptive, misleading and unfair or unconscionable means to collect or attempt to collect an alleged debt in violation of 15 U.S.C. §1692e;

   b. Communicated or threatened to communicate to any person credit information which is known or which should be known to be false, including the failure to communicate that a disputed debt is disputed in violation of 15 U.S.C. §1692e(8);

    c. Used any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning the consumer in violation of 15 U.S.C. §1692e(10); and,

    d. Was otherwise deceptive and failed to comply with the provisions of the FDCPA.

30. As a result of Defendant's violations as aforesaid, Plaintiff has suffered, and continues to suffer, personal humiliation, embarrassment, mental anguish and emotional distress.

## V.    JURY DEMAND

31. Plaintiff hereby demands a trial by jury on all issues so triable.

32. The Plaintiff, MAUREE WHITE, by and through her attorneys, SMITHMARCO, P.C., hereby respectfully requests that the trial of this matter proceed in Kansas City.

## VI.    PRAYER FOR RELIEF

WHEREFORE, Plaintiff, MAUREE WHITE, by and through her attorneys, respectfully prays for Judgment to be entered in favor of Plaintiff and against Defendant as follows:

    a. All actual compensatory damages suffered;

    b. Statutory damages of $1,000.00;

    c. Plaintiff's attorneys' fees and costs;

    d. Any other relief deemed appropriate by this Honorable Court.

    Respectfully submitted,
    **MAUREE WHITE**

Dated: October 3, 2013    By:   s/ Mandy M. Shell
    Mandy M. Shell, KS Bar # 23410
    PO Box 413677
    Kansas City, MO  64141
    Telephone:  (913) 871-4170
    Facsimile:  (888) 418-1277
    E-Mail:  mshell@smithmarco.com
    ATTORNEY FOR PLAINTIFF